Mark NORMAN, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 06–5356–ag.

United States Court of Appeals, Second Circuit.

April 8, 2008.

Alexandra V. Tseitlin, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General, Emily Anne Radford, Assistant Director, Craig A. Newell, Jr., Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Mark Norman, a native and citizen of Russia, seeks review of an October 25, 2006 order of the BIA affirming the May 9, 2005 decision of Immigration Judge ("IJ") William F. Jankun, denying Norman's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mark Norman*, No. A 77 017 162 (B.I.A. Oct. 25, 2006), *aff'g* No. A 77 017 162 (Immig. Ct. N.Y. City May 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. Furthermore, we treat

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

these findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

We find that the IJ's adverse credibility determination was supported by substantial evidence where the IJ noted several material inconsistencies in the record.[2] *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). A particularly noteworthy inconsistency that the IJ relied upon was the discrepancy between Norman's hearing testimony and his asylum application regarding the details and sequencing of two separate stabbing incidents that play a pivotal role in Norman's claims for relief. Norman attempted to explain the discrepancy by claiming that it resulted from a translation error on the part of his wife, who, in preparing the affidavit, inverted the sequence of the two events. Furthermore, Norman's initial affidavit did not describe either stabbing as an attack carried out by an unidentified individual who stabbed Norman from behind and then fled; rather both attacks were described as struggles with a group of men. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005).

Although the other cited inconsistencies—such as the amount of wine Norman drank on the evening of one of the alleged attacks, the affidavit's failure to explain that he switched from purchasing goods in Moscow to purchasing them in Rostov, and whether or not he was employed after selling his store—were minor, they supported the adverse credibility finding when viewed cumulatively. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) ("even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder") (internal quotation marks and citations omitted).

Because the only evidence of a threat to Norman's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Moreover, because we find that the adverse credibility determination is supported by substantial evidence, we need not address Norman's argument that the agency erred in finding that his identity as an independent businessman targeted by organized crime was insufficient to qualify him for refugee status pursuant to 8 U.S.C. § 1101(a)(42).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** We decline to address Norman's claim that the IJ violated his due process rights by excluding certain evidence at Norman's asylum hearing. Norman failed to raise this issue before the BIA and so it remains unexhaust-

ed. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is mandatory, even if not a jurisdictional requirement).